IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN ADAIR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-23-01056-JD |
| | ) |
| STATE FARM FIRE AND CASUALTY | ) |
| COMPANY and TIM CUSTER | ) |
| INSURANCE AGENCY, INC., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Before the Court is Plaintiff John Adair's ("Plaintiff") Motion to Remand ("Motion"). [Doc. No. 17]. Defendants State Farm Fire and Casualty Company ("State Farm") and Tim Custer Insurance Agency, Inc. ("TCIA") (collectively "Defendants") filed a Response Brief in Opposition to Plaintiff's Motion ("Response"). [Doc. No. 22]. Plaintiff filed a Reply in Support of the Motion to Remand ("Reply"). [Doc. No. 23]. Defendants also submitted supplemental authorities [Doc. No. 25]. Upon its review and consideration, and as discussed below, the Court grants Plaintiff's Motion.

**I.   BACKGROUND**[1]

The Adair Family purchased their homeowners' insurance policy from State Farm, via insurance agent, Tim Custer ("Custer") of TCIA. [Doc. No. 1-2 ¶ 26]. In 2008, the Adair Family contacted Custer about purchasing a new policy for their home. [*Id.*]. They

---

[1] The Court takes the background information from Plaintiff's state-court petition, which the Court hereafter refers to as "petition." [Doc. No. 1-2].

told Custer that their home had a roof comprised of fifty-year, premium, hail-resistant shingles, which Custer referred to as "deluxe" shingles. [*Id.*]. The Adair Family requested an insurance policy that would, in the event of a loss, provide "like kind and quality roofing materials" including the same type of shingle they had at that time. [*Id.*]. Custer represented he would provide coverage for the same type of roofing materials that were on their home including the same type of shingles. [*Id.*]. Custer further represented that, in the event of a loss covered by their policy, State Farm would pay for the type of shingles that was on their roof at the time. [*Id.*]. Each year, Custer continued to represent that they would receive the same insurance coverage on their home and that their policy would provide full replacement of "like kind and quality roofing materials." [*Id.*].

On May 14, 2022, Plaintiff's home roof sustained damage due to a hailstorm. [*Id.*]. Plaintiff made a claim for the damage to the roof, and State Farm wrote an estimate to replace a portion of the roof with a "lower-grade and different shingle" than the type that was on the Adairs' roof. [*Id.*].

Plaintiff initiated this case in the District Court of Oklahoma County against State Farm and TCIA. [*See* Doc. No. 1-2]. Defendants removed the case to this Court based on diversity jurisdiction, claiming Plaintiff fraudulently joined TCIA, a non-diverse defendant, to destroy diversity jurisdiction. [Doc. No. 1]. Both Plaintiff and TCIA are citizens of Oklahoma for the purposes of diversity jurisdiction. [Doc. No. 1 ¶ 2].

Plaintiff moves the Court to remand the case to state court, stating he has viable claims against TCIA. [Doc. No. 17]. Plaintiff's arguments include that (1) Oklahoma law does not require an insured to read and discover discrepancies in his insurance policy

when an agent has made specific promises of coverage [*id.* at 9–13]; and (2) he has viable claims against TCIA based in contract, tort, and fraud [*id.* at 13–21].[2] The Court interprets Plaintiff's Motion as asserting he has viable claims for breach of contract, negligent procurement, and constructive fraud/negligent misrepresentation against TCIA. [*See id.* at 13–21].

In their Response, Defendants argue that Plaintiff's claims for breach of contract and negligent procurement against TCIA are legally and factually unsustainable because (1) an insurance agent does not have a duty to procure a specific type of insurance and (2) the terms of the policy contradict the alleged representations made by Custer. [Doc. No. 22 at 10–13]. Similarly, Defendants also assert Plaintiff's claim for fraud is legally and factually unsustainable because TCIA owed Plaintiff no duty to advise him regarding his insurance needs and Plaintiff had a duty to read the terms of the policy. [*Id.* at 13–16].

## II.   LEGAL STANDARDS

### A.   Diversity Jurisdiction

A case generally may be removed to federal court if it is one over which the federal courts have original jurisdiction. 28 U.S.C. § 1441(a). Original jurisdiction includes disputes between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. *Id.* § 1332(a)(1). Federal jurisdiction under 28 U.S.C. § 1332(a) requires "complete diversity" among the parties, meaning the

---

[2] The Court uses CM/ECF page numbering from the top of docket filings.

citizenship of all defendants must be different from the citizenship of all plaintiffs. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

A party invoking diversity jurisdiction—here, Defendants—has the "burden of proving [diversity jurisdiction] by a preponderance of the evidence." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). Because federal courts are limited tribunals, "statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed . . . ." *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094–95 (10th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)).

B.     **Fraudulent Joinder**

The Supreme Court has long recognized that a defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *see also Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 185–86 (1907). The doctrine of fraudulent joinder permits a federal court to disregard the citizenship of a nondiverse defendant against whom the plaintiff has not asserted or cannot assert a colorable claim for relief. *See Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013).

To establish fraudulent joinder, the removing party has the "heavy burden" to prove either: (1) actual fraud in the pleading of jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Id*. Here, Defendants have not alleged actual fraud in the pleading of jurisdictional facts, so

4

the Court's focus will be on the latter consideration—the inability of Plaintiff to establish a cause of action against TCIA in state court.

If there is "a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant" then the case must be remanded. *Nerad v. AstraZeneca Pharms., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006) (unpublished). "A 'reasonable basis' means just that: the claim need not be a sure-thing, but it must have a basis in the alleged facts and the applicable law." *Id.* In contrast, the non-liability of the defendant alleged to be fraudulently joined must be established with "complete certainty." *See Smoot v. Chi., Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967); *Dodd v. Fawcett Publ'ns., Inc.*, 329 F.2d 82, 85 (10th Cir. 1964).

Importantly, "upon specific allegations of fraudulent joinder the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Smoot*, 378 F.2d at 882 (citations omitted). In this context, courts are not "compelled to believe whatever the plaintiff says in his complaint." *Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013) (unpublished). "'[F]ederal courts may look beyond the pleadings to determine if the joinder, although fair on its face, is a sham or fraudulent device to prevent removal.'" *Id.* (quoting *Smoot*, 378 F.2d at 881–82).

The Tenth Circuit is clear that the analysis is not a mini-trial or pre-trial where the Court weighs the evidence and makes a merits-based determination. As it has stated, "'[a] claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction.'" *Id.* (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 853 (3d Cir.

1992)). Finally, the Court resolves "all disputed questions of fact and all ambiguities in the controlling [state] law in favor of the non-removing party." *Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592, at *1 (10th Cir. Apr. 14, 2000) (unpublished) (quoting *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000)).

## III.  DISCUSSION

As a preliminary matter, the Court addresses Defendants' contention that "the flawed nature of Plaintiff's 'claims' for negligent procurement of insurance and constructive fraud is further demonstrated by the fact that Plaintiff's counsel routinely assert substantially similar claims in state court, in an effort to evade federal jurisdiction." [Doc. No. 1 at 5]. Under either Oklahoma or federal law, an attorney represents, by signing a pleading and presenting it to the court, that the attorney is not submitting the pleading for an improper or frivolous purpose, that the claims or other legal contentions are warranted by existing law or by a nonfrivolous argument for the modification of existing law, and that the allegations and other factual contentions have evidentiary support. *See* 12 Okla. Stat. § 2011(B); Fed. R. Civ. P. 11(b). Accordingly, the Court presumes Plaintiff's attorney is presenting the underlying claims and arguments for a proper purpose and will analyze them for their merit as applied to the circumstances of this case.

### A.  Plaintiff has a reasonable basis in contract and tort for his claims against TCIA.

The Court first considers Plaintiff's assertion that he states viable claims in contract and tort against TCIA. [Doc. No. 17 at 15–18]. Defendants argue that TCIA had

no duty to procure a specific type of insurance for Plaintiff and that Plaintiff had an obligation to read the terms of his insurance policy, which contradict the alleged representations made by Custer. [Doc. No. 22 at 10–12, 12–13]. The Court concludes that Plaintiff has a reasonable basis in contract and tort against TCIA under the circumstances alleged in Plaintiff's petition.

In this diversity action, the Court must determine if Plaintiff's claims have a reasonable basis in state court, thus applying Oklahoma law. Although an insurance agent may not have an affirmative duty to advise an insured regarding his insurance needs, an insurance agent can be liable for failure to deliver insurance coverage specifically requested by the insured. *See Swickey v. Silvey Cos.*, 1999 OK CIV APP 48, ¶ 9, 979 P.2d 266, 268. Under Oklahoma law, "an insurance agent may be liable for breach of contract or in tort for failure to procure an insurance policy." *Id.* ¶ 8, 979 P.2d at 268. "The contract theory of an insurance agent's liability is often based on failure to obtain any insurance as promised, but may also consist of failure to obtain insurance as requested." *Id.* ¶ 9, 979 P.2d at 268. Accordingly, to assert a claim of breach of contract against TCIA, Plaintiff must demonstrate Custer "agreed to procure insurance coverage effective as of a certain date and time, or of a certain breadth, and then failed to do so." *Id.*; *accord Oxsen v. Phila. Am. Life Ins.*, No. CIV-23-56-R, 2023 WL 2823992, at *2 (W.D. Okla. Apr. 7, 2023) (unpublished) (acknowledging a breach of contract claim against an insurance agent when agent failed to provide the "breadth" of coverage promised).

7

Plaintiff has alleged facts sufficient to support a breach of contract claim. Plaintiff has asserted that he specifically requested coverage that would replace his roof with "like kind and quality roofing materials . . . to what was presently on the home" and that Custer agreed to provide that coverage. [Doc. No. 1-2 ¶ 26]. Plaintiff further alleges that, when his roof was damaged, his policy failed to provide coverage for the quality of shingles he requested. [*Id.*]. Accordingly, Plaintiff has provided a reasonable basis for a breach of contract claim against TCIA.

In addition to a breach of contract claim, an insured can assert a tort claim for negligent procurement against his agent. "An agent has the duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance and an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." *Swickey*, 1999 OK CIV APP 48, ¶ 13, 979 P.2d at 269.

Like the allegations outlined above pertaining to a breach of contract claim, Plaintiff's allegations suffice to state a negligent procurement claim against TCIA. Plaintiff's assertions include that Custer promised to provide coverage that would ensure replacement of Plaintiff's "deluxe" shingles and that, when Plaintiff's roof was damaged, the policy did not provide replacement with equivalent shingles. [Doc. No. 1-2 ¶ 26]. The Court, therefore, concludes Plaintiff has a reasonable basis for a negligent procurement claim against TCIA.

Although Defendants correctly state that, generally, an insurance agent owes no duty to procure a specific type of insurance to a policy holder [*see* Doc. No. 22 at 10], Oklahoma courts have recognized that such a duty exists when the insured discloses

8

specific needs to the agent. *Rotan v. Farmers Ins. Grp. of Cos., Inc.*, 2004 OK CIV APP 11, ¶ 3, 83 P.3d 894, 895 (stating that "[t]o discharge their duty to act in good faith and use reasonable care, skill, and diligence in the procurement of insurance, including use of their specialized knowledge about the terms and conditions of insurance policies, insurance agents *need only offer coverage mandated by law and coverage for needs that are disclosed by the insureds*") (emphasis in original). In instances in which courts have found insurance agents have no duty to provide a specific type of coverage, it is generally because the insureds did not request specific coverage. *See, e.g.*, *Hernandez v. Liberty Ins. Corp.*, 73 F. Supp. 3d 1332, 1337 (W.D. Okla. 2014) (finding that the plaintiff had no basis to assert a negligent procurement claim because Plaintiff did not request a specific amount of coverage from the agent). In contrast, Plaintiff alleges he requested a specific type of coverage (coverage that would replace his "deluxe" shingles) from Custer that his policy did not ultimately provide. [Doc. No. 1-2 ¶ 26].

Defendants also argue that Plaintiff cannot hold TCIA liable for his alleged misrepresentations because Plaintiff had a duty to read the terms of the insurance policy, which contradict the statements regarding coverage by Custer. [Doc. No. 22 at 12–13]. In response, Plaintiff states that, under Oklahoma law, "there is no duty to read the policy where the agent has promised coverage of a certain breadth." [Doc. No. 23 at 4 (citing *Bus. Interiors, Inc. v. Aetna Cas. & Sur. Co.*, 751 F.2d 361, 364 (10th Cir. 1984)].

The Tenth Circuit has stated "[u]nder Oklahoma law, an insured has no duty to read his written policy and notice discrepancies between it and previous representations of a soliciting agent." *Bus. Interiors*, 751 F.2d at 364 (citing *Warner v. Cont'l Cas. Co.*,

9

1975 OK CIV APP 19, ¶ 21, 534 P.2d 695, 699). Other courts in the Western District of Oklahoma have also stated that an insured may rely upon an agent's representations regarding a policy regardless of whether the insured read the policy at issue. *See, e.g.*, *Downing Trucking, Inc. v. Cline Wood Agency*, No. CIV-07-187-M, 2007 WL 2816200, at *4 (W.D. Okla. Sept. 26, 2007) (unpublished) (concluding that a negligence claim against an agent survived summary judgment and stating that "an insured can assume the policy of insurance conforms to his agreement with the agent regardless of whether the policy was read").

Defendants, however, cite to cases in which courts have concluded that, in certain factual situations, the fact that the express terms of the policy contradict an agent's representations can defeat claims of fraud and negligence. *See, e.g.*, *Slover v. Equitable Variable Life Ins. Co.*, 443 F. Supp. 2d 1272, 1281 (N.D. Okla. 2006) (concluding that an integration clause in an insurance policy precluded evidence of non-diverse defendants' representations that contradicted the policy because, in part, the non-diverse defendants did not participate in the sale of the policy).

Upon a motion to remand, the Court's role is not to determine the exact impact of Oklahoma law upon Plaintiff's claims regarding whether express terms of Plaintiff's policy contradict the alleged representations made by Custer. Instead, the Court must examine if Plaintiff has a reasonable basis for his claims and whether Defendants can exhibit TCIA's non-liability with "complete certainty." *See Smoot v. Chi., Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967); *see also Nerad v. AstraZeneca Pharms., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006) (unpublished) (explaining that a

"claim need not be a sure-thing" to meet the reasonable basis standard). Because the impact of the express terms of Plaintiff's policy upon his claims would require an "intricate analysis" of Oklahoma law, the Court determines Plaintiff's claims are "not so wholly insubstantial and frivolous that [they] may be disregarded for purposes of diversity jurisdiction." *Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013) (unpublished) (internal quotation marks omitted); *cf. Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592, at *1 (10th Cir. Apr. 14, 2000) (unpublished) (explaining that ambiguities in the controlling state law are resolved in favor of the non-removing party). Accordingly, the Court concludes that Plaintiff's failure to read the policy does not create a "complete certainty" that Plaintiff cannot state a claim against TCIA. *See Smoot*, 378 F.2d at 882.

      **B.**      **Plaintiff has a reasonable basis for his fraud claim against TCIA.**

Plaintiff also asserts he has a reasonable basis for a fraud claim against TCIA. [Doc. No. 17 at 18–21]. "Under Oklahoma law, constructive fraud [or negligent misrepresentation] consists of 'any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, or any one claiming under him, by misleading another to [her] prejudice, or to the prejudice of any one claiming under him[.]'" *McDow v. State Farm Fire & Cas. Co.*, No. CIV-22-927-F, 2022 WL 17960457, at *2 (W.D. Okla. Dec. 27, 2022) (quoting 15 Okla. Stat. § 59) (analyzing a constructive fraud and negligent misrepresentation claim against an agent). Plaintiff would need to demonstrate (1) TCIA breached a duty, (2) TCIA benefitted from the breach, and (3) the breach prejudiced Plaintiff. *See id.*

As previously discussed, Oklahoma law recognizes that "[a]n agent has the duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance . . . ." *Swickey v. Silvey Cos.*, 1999 OK CIV APP 48, ¶ 13, 979 P.2d 266, 269. That duty includes "use of [insurance agents'] specialized knowledge about the terms and conditions of insurance policies . . . ." *Rotan v. Farmers Ins. Grp. of Cos., Inc.*, 2004 OK CIV APP 11, ¶ 3, 83 P.3d 894, 895. "[I]nsurance agents *need only offer coverage mandated by law and coverage for needs that are disclosed by the insureds* . . . ." *Id.* (emphasis in original). Accordingly, once Plaintiff disclosed his need for coverage sufficient to replace his "deluxe" shingles, TCIA had a duty to provide that coverage. [*See* Doc. No. 1-2 ¶ 26]. TCIA's failure to do so could constitute a breach of that duty, which prejudiced Plaintiff when his policy for which he paid premiums failed to provide coverage to replace his roof with the same quality of shingles. [*See id.*]. The Court, therefore, concludes Plaintiff has a reasonable basis for his fraud claim. As discussed above pertaining to Plaintiff's breach of contract and negligent procurement claims, Defendants arguments that an insurance agent has no duty to procure specific coverage and that an insured has a duty to read the express terms of the policy are unavailing because they do not provide "complete certainty" that Plaintiff cannot state a claim against TCIA. *Smoot*, 378 F.2d at 882.

## IV.   CONCLUSION

The Court finds that Defendants have not met their burden to establish fraudulent joinder and, therefore, have not met their burden of showing complete diversity under 28 U.S.C. § 1332(a).

Accordingly, the Court orders the following:

1) The Court GRANTS Plaintiff's Motion to Remand [Doc. No. 17] because the Court lacks subject-matter jurisdiction;

2) The Court REMANDS this matter to the District Court for Oklahoma County, Oklahoma under 28 U.S.C. § 1447(c); and

3) The Court DIRECTS the Clerk of this Court to send a certified copy of this Order to the Clerk of the state court to which this matter is remanded.

IT IS SO ORDERED this 1st day of May 2025.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE